IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael G. Capps, ) | Case No. 8:18-cv-01434-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Oconee County Sheriff's Office, Mike ) | |
| Crenshaw, Kevin Davis, Jeff ) | |
| Underwood, Brian Long, Justin ) | |
| Pelfrey, Josh Labrecque, South ) | |
| Carolina Insurance Reserve Fund, ) | |
| Chris Lombard, Ann Macon Smith, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's Complaint and Defendants Brian Long, Justin Pelfrey, and Josh Labrecque's ("the Moving Defendants") motion for summary judgment. ECF Nos. 1, 39. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On June 22, 2018, the Magistrate Judge issued a Report recommending that Defendants Oconee County Sheriff's Office, Mike Crenshaw, Kevin Davis, Jeff Underwood, South Carolina Insurance Reserve Fund, Chris Lombard, and Ann Macon Smith be dismissed from this action without issuance of service of process. ECF No. 12. The Magistrate Judge further recommends that Plaintiff's claims pursuant to 42 U.S.C. § 1985(2) and 18

U.S.C. §§ 241 and 242 should be dismissed. Plaintiff filed objections to the Report. ECF No. 16.

Thereafter, the Moving Defendants filed a motion for summary judgment. ECF No. 39. Plaintiff filed a response in opposition. ECF Nos. 43, 44. The Moving Defendants filed a reply, and Plaintiff filed a sur-reply. ECF Nos. 46, 50. On February 12, 2019, the Magistrate Judge issued a Report recommending that the Moving Defendants' motion for summary judgment be granted. ECF No. 75. Plaintiff filed several objections.[1] ECF Nos. 77, 80, 86, 88, 92.

## **LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo

---

[1] Plaintiff and Defendants have also filed other motions which will be discussed below.

2

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

### *The First Report*

Plaintiff appears to generally object to the dismissal of his claims made pursuant to 42 U.S.C. § 1985(2) and 18 U.S.C. §§ 241 and 242. He fails to address the substance of the Magistrate Judge's Report with respect to these claims; however, out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of this portion of the Report, the record, and the applicable law. The Court agrees with the Magistrate Judge that these claims are subject to dismissal. With respect to Plaintiff's request that the Court pursue criminal charges against any of the Defendant, "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citation omitted). Regarding Plaintiff's allegation that Defendants violated 42 U.S.C. § 1985(2), the Magistrate Judge correctly points out that Plaintiff's allegations do not involve federal court proceedings. *See Haddle v. Garrison*, 525 U.S. 121, 125 (1988) ("The gist of the wrong at which § 1985(2) is directed is intimidation or retaliation against witnesses in federal court proceedings."). Accordingly, Plaintiff's objections are overruled.

Plaintiff concedes that it may be proper to dismiss the South Carolina Insurance Reserve Fund and the Oconee County Sheriff's Office but seems to state the 42 U.S.C. § 1983 should be read more broadly in this case to allow him to obtain relief. ECF No. 16. This argument is insufficient to extend the boundaries of § 1983 over non-persons.

3

*See McCall v. Strickland*, C/A No. 4:11-1324-RMG-TER, 2012 WL 2428600 (D.S.C. June 1, 2012) (finding that the Spartanburg County Sheriff's Department should be dismissed as it was not a person amenable to suit under § 1983), *adopted by* 2012 WL 2427889 (D.S.C. June 27, 2012); *McCall v. Williams*, 52 F. Supp. 2d 611, 623 (D.S.C. 1999) ("To the extent that Plaintiff alleged a separate cause of action against the Williamsburg County Sheriff's Department, this claim fails as a matter of law because the Sheriff's Department, like the sheriff, is an arm of the state and entitled to Eleventh Amendment immunity."). Accordingly, Plaintiff's objection is overruled.

With respect to the Magistrate Judge's recommendation that the remaining Defendants should be dismissed in their official capacity pursuant to the Eleventh Amendment, Plaintiff contends that Eleventh Amendment immunity does not bar injunctive relief. Plaintiff has not requested injunctive relief. Accordingly, this objection is overruled.

The Magistrate Judge recommends dismissal of Defendants Crenshaw, Davis, Underwood, Lombard, and Smith because Plaintiff failed to state a claim that any of these Defendants violated his constitutional rights. Plaintiff objected and argued that they violated his Fourteen Amendment right to equal protection under the law.[2] As stated in the Report, Plaintiff's allegations fail to rise to the level of a constitutional claim. He contends that Defendants Crenshaw, Davis, and Underwood learned of the actions of the

---

[2] He also states that they failed to respond to his requests pursuant to the Freedom of Information Act. This is a state law cause of action and will be discussed in that section below.

4

Moving Defendants and failed take the plaintiff's complaints seriously or conduct a follow up investigation. However, the plaintiff does not have a constitutional right to satisfactory responses to his complaints, and "failure to follow procedures is not actionable in and of itself. In order for a failure to follow internal procedures to form the basis of a § 1983 civil rights claim, the action must have independently violated [a party's] constitutional rights." *Blackburn v. South Carolina*, No. C.A. 0:06-2011-PMD-BM, 2009 WL 632542, at *16 (D.S.C. Mar. 10, 2009), *aff'd,* 404 F. App'x 810 (4th Cir. 2010). Plaintiff has presented no allegations that these Defendants violated any constitutional protections; therefore, his objections are overruled.

With respect to Defendants Lombard and Smith, Plaintiff alleges that they violated his constitutional rights by denying his claim with the South Carolina Insurance Reserve Fund. However, Plaintiff does not have a constitutional right to have his insurance claim considered, and Defendants Lombard's and Smith's alleged wrongdoing did not deprive him of the protections of the due process or equal protection clauses. Accordingly, his objections are overruled.[3]

Finally, the Magistrate Judge recommends that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims with respect to Defendants Oconee County Sheriff's Office, Davis, Underwood, South Carolina Insurance Reserve

---

[3] Further, Plaintiff cannot cure these deficiencies in his complaint by amending. There is no allegation that any of these individuals were personally involved in the depravation of Plaintiff's constitutional rights and, as stated above, the actions taken by these Defendants fail to rise to the level of a constitutional violation. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015); *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064 (4th Cir. 1993).

5

Fund, Lombard, and Smith. Because all federal causes of action are dismissed against these Defendants, the Court agrees and declines to exercise supplemental jurisdiction over Plaintiff's state law claims as to these Defendants. Accordingly, Defendants Oconee County Sheriff's Office, Davis, Underwood, South Carolina Insurance Reserve Fund, Lombard, and Smith are dismissed from this action.

### *The Second Report*

The second Report concerns Plaintiff's Fourth Amendment claims against the Moving Defendants. The Magistrate Judge recommends that summary judgment be granted because the Moving Defendants conducted a valid *Terry*[4] stop. As previously stated, Plaintiff filed objections.

The Court finds it necessary to discuss two phases of the purported *Terry* stop.[5] First, Plaintiff was stopped by Defendants Pelfrey and Labrecque after they had received

---

[4] The Fourth Amendment protects against unreasonable searches and seizures including brief investigatory stops, also known as "*Terry* stops." *Terry v. Ohio*, 392 U.S. 1 (1968). The constitutionality of a *Terry* stop is based upon "whether, at the time of the seizure, the police officer had a 'reasonable suspicion' that the person seized was 'involved in criminal activity.'" *United States v. Kehoe*, 893 F.3d 232, 237 (4th Cir. 2018) (quoting *Hiibel v. Sixth Judicial Dist. Court of Nev.*, 542 U.S. 177, 185 (2004)). "Brief stops in order to determine the identity of a suspicious individual or to maintain the status quo while obtaining more information are permitted if reasonable in light of the facts known to the officers at the time." *United States v. Perate*, 719 F. 2d 706 (4th Cir. 1983) (citation omitted).

[5] The Court incorporates by reference the Magistrate Judge's recitation of the facts and applicable law. The undersigned notes that Plaintiff objects to some of the Magistrate Judge's statement of the facts of this case; however, the Court finds that none of these objections with respect to the chain of events would change the Court's determination of his claims.

6

complaints about his behavior. These Defendants asked him questions, which Plaintiff mostly declined to answer and called for Defendant Long when Plaintiff requested a supervisor. Second, approximately 40 minutes into this stop, after Defendant Long arrived, Plaintiff was handcuffed and put in the back of a patrol car for approximately 18 minutes. The Court will address each phase in turn.

With respect to the first phase of the interaction between Plaintiff and the Moving Defendants, the Court agrees with the recommendation of the Magistrate Judge that the Moving Defendants are entitled to summary judgment. There is evidence in the record that Defendants Pelfrey and Labrecque had been called by nearby residents complaining that Plaintiff was taking pictures of children and, when questioned by the residents, told them that he was a "pedophile."[6] As explained by the Magistrate Judge, the stop was based on reliable and credible information given by the residents and the information given to Defendants Pelfrey and Labrecque established a particularized objective basis under the totality of the circumstances for the stop. *See Kehoe*, 893 F.3d at 237 (stating that courts have concluded that "reasonable suspicion" cannot be based upon an "'unparticularized suspicion or hunch'" but that "the government agent must articulate a particularized, objective basis for his or her actions." (citation omitted)); *Id*. ("To determine whether an officer had such a basis for 'suspecting legal wrongdoing,' 'reviewing courts . . . must look at the 'totality of the circumstances' of each case.'" (citation omitted)); *Id.* at

---

[6] Plaintiff states throughout his objections that these residents lied; however, even construing that fact in the light most favorable to Plaintiff, he has presented no evidence that the officers knew the information was false when they stopped him.

238 ("[Courts] generally presume that a citizen-informant or a victim who discloses his or her identity and basis of knowledge to the police is both reliable and credible" for purposes of determining whether reasonable suspicion existed so as to justify a *Terry* stop.). Further, there is no evidence that the Moving Defendants unduly extended the stop or failed to act with diligence in conducting their investigation. Because there was a reasonable suspicion of legal wrongdoing and the stop was necessary to allow the Moving Defendants to investigate whether Plaintiff had a criminal record and/or was a registered sex offender, the Court adopts this portion of the Report and grants in part the Moving Defendants' motion for summary judgment.

Turning to the second phase of the stop, after approximately 40 minutes, Defendant Long took Plaintiff's camera and directed the other Moving Defendants to handcuff him and place him in a patrol car. The Moving Defendants drove Plaintiff to 305 Dixie Drive where the residents identified him as the person they had seen taking pictures of the children and written statements were taken from the witnesses. Defendant Long called his supervisor and informed him of the series of events. The supervisor told him that Plaintiff did not need to give them his name and told him to release Plaintiff unless he was on probation and violating the terms of his release. Plaintiff was then released.

Here, the Court finds there may be a genuine issue of material fact with respect to whether restraining Plaintiff in handcuffs and placing him in a police vehicle was a permissible continuation of the *Terry* stop or an escalation into an arrest such that probable cause was necessary to detain him. This issue was not addressed in the motion for summary judgment. Accordingly, the Court denies with leave to refile the Moving

Defendants' motion for summary judgment only as to the second phase of the stop. If the Moving Defendants choose to refile the motion, they should provide legal authority and analysis of whether the second phase of the stop was, in fact, an escalation of the *Terry* stop or a mere permissible continuation of the stop and should include a discussion of qualified immunity, if applicable. The Moving Defendants should also provide a brief discussion of whether the Court should exercise supplemental jurisdiction over any remaining state law claims.

### *Remaining Motions*

#### Plaintiff's Motion to Disqualify Counsel (ECF No. 42)

Plaintiff seeks to have Defendants' attorney disqualified from the case for knowingly submitting untruthful affidavits. In response, Defendants contend Plaintiff's motion is baseless and frivolous and seek sanctions against Plaintiff under Federal Rule of Civil Procedure 11. The Court finds no support in the record for Plaintiff's allegations of misconduct against Defendants' counsel. Accordingly, the Court denies Plaintiff's motion to disqualify counsel, ECF No. 42; however, the Court declines to award Defendants sanctions.

#### Plaintiff's Motion for Summary Judgment (ECF No. 51)

Plaintiff's first motion for summary judgment asks the Court to find that he should prevail on his claims as a matter of law. As detailed above, the Court has granted Defendants' motion for summary judgment with respect to the first portion of the investigatory detention and has denied with leave to refile the remainder of the motion for a discussion on whether there is a genuine issue of material fact as to the second portion

of the investigatory detention. Given the procedural posture of the case, the Court's rulings herein, and the issues that have yet to be addressed, such as qualified immunity, the Court denies Plaintiff's first motion for summary judgment, ECF No. 51.

### *Plaintiff's Motion for Judicial Notice of Adjudicative Facts (ECF No. 59)*

Plaintiff asks the Court to take judicial notice of nine "true and indisputable" facts. Courts can take judicial notice of facts that are "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." F.R.E. 201(b). Plaintiff's motion asks the Court to take judicial notice of facts that are disputed by the parties and central to resolution of this case and is improper under Federal Rule of Evidence 201. Accordingly, Plaintiff's motion for judicial notice, ECF No. 59, is denied.

### *Plaintiff's Motion to Bring Criminal Charges Against Defendants (ECF No. 62)*

Plaintiff's motion to bring criminal charges against defendants restates many of the arguments made in other motions, including alleging that Defendants and their attorney have committed criminal acts and/or misconduct during this litigation. For the reasons set forth in this Order, Plaintiff's motion to bring criminal charges, ECF No. 62, is denied.

### *Plaintiff's Motion for Summary Judgment (ECF No. 66)*

Plaintiff's second motion for summary judgment restates, in large part, the arguments made in his first motion for summary judgment. For the same reasons stated above, Plaintiff's second motion for summary judgment, ECF No. 66, is denied.

*Plaintiff's Motion for Discovery (ECF No. 69) and Defendants' Motion for Extension of Time to Respond to Interrogatories (ECF No. 87)*

Plaintiff asks the Court to require Defendants to respond to outstanding discovery requests. In response, Defendants contend that Plaintiff has violated the Federal Rules of Civil Procedure and prior orders of the Court. Alternatively, Defendants state they will respond to Plaintiff's interrogatories on or before February 28, 2019. ECF No. 71. However, on February 27, 2019, Defendants filed a motion for extension of time to respond to interrogatories until after the Court ruled on Plaintiff's objections to the Report. ECF No. 87. As the Court has denied a portion of Defendants' motion for summary judgment with leave to refile, the Court directs Defendants to respond to Plaintiff's interrogatory requests within 30 days. Accordingly, Plaintiff's motion for discovery, ECF No. 69, is denied as moot and Defendants' motion for extension of time to respond to interrogatories, ECF No. 87, is granted.

*Plaintiff's Motion to Enforce Rules and to Rule on Outstanding Motions (ECF No. 73)*

Plaintiff's motion to enforce rules and to rule on outstanding motions, ECF No. 73, is denied as moot because the Court has now ruled on all pending motions.

*Plaintiff's Motion to Vacate the Report and Recommendation (ECF No. 90)*

Plaintiff's motion to vacate the report is denied as procedurally improper. The Court has fully considered Plaintiff's objections to the Report and ruled on those objections in this Order.

*Plaintiff's Motion to Compel (ECF No. 97)*

The issues raised in Plaintiff's motion to compel have been addressed by the Court's ruling on Plaintiff's outstanding discovery requests. Accordingly, Plaintiff's motion to compel, ECF No. 97, is denied as moot.

**CONCLUSION**

Accordingly, the Court adopts the first Report and Recommendation of the Magistrate Judge [12]. Defendants Oconee County Sheriff's Office, Mike Crenshaw, Kevin Davis, Jeff Underwood, South Carolina Insurance Reserve Fund, Chris Lombard, and Ann Macon Smith are **DISMISSED** from this action. Further, Plaintiff's claims pursuant to 42 U.S.C. § 1985(2) and 18 U.S.C. §§ 241 and 242 are **DISMISSED**. The claims against Defendants Brian Long, Justin Pelfrey, and Josh Labrecque in their official capacities are **DISMISSED**.

The Court adopts in part and respectfully declines to adopt in part the second Report and Recommendation of the Magistrate Judge [75]. The Report is adopted with respect to the Magistrate Judge's analysis of the first phase of the stop and that portion of the Moving Defendants' motion for summary judgment [39] is **GRANTED**. The remainder of the Moving Defendants' motion for summary judgment [39] is **DENIED with leave to refile.** If the Moving Defendants intend to refile their motion, they are directed to do so within 60 days.

Plaintiff's motion to disqualify counsel [42] is **DENIED**. Plaintiff's motions for summary judgment [51, 66] are **DENIED**. Plaintiff's motion for judicial notice of adjudicative facts [59] is **DENIED**. Plaintiff's motion to bring criminal charges against

12

Defendants [62] is **DENIED**. Plaintiff's motion for discovery [69] is **DENIED as MOOT**. Plaintiff's motion to enforce rules and rule on outstanding motions [73] is **DENIED as MOOT**. Plaintiff's motion to vacate the Report and Recommendation [90] is **DENIED**. Plaintiff's motion to compel [97] is **DENIED as MOOT**.

Defendants' motion for extension of time to respond to interrogatories [87] is **GRANTED** and Defendants are directed to respond to the outstanding interrogatories within 30 days. Further extensions of this deadline will not be granted absent a showing of extraordinary circumstances.

IT IS SO ORDERED.

<u>s/ Donald C. Coggins, Jr.</u>
United States District Judge

August 2, 2019
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.